JERROLD S. JENSEN (#1678)
THOM D. ROBERTS (#2773)
Assistant Attorneys General
MARK L. SHURTLEFF (#4666)
Attorney General
Attorneys For Defendants
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah  84114-0857
Telephone:  (801) 366-0353
jerroldjensen@utah.gov
thomroberts@utah.gov

---

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KODY BROWN, MERI BROWN, JANELLE BROWN, CHRISTINE BROWN, ROBYN SULLIVAN, <br><br>　　　　　　　Plaintiffs, <br><br>vs. <br><br>JEFFREY R. BUHMAN, in his official capacity as County Attorney for Utah County, <br><br>　　　　　　　Defendants. | **ANSWER TO PLAINTIFFS' COMPLAINT** <br><br><br> Case: 2:11CV00652 <br><br> Judge Clark Waddoups |

Defendant Jeffrey R. Buhman, in his official capacity as County Attorney for Utah County, State of Utah, by and through counsel of record, answers Plaintiffs' Complaint as follows:

1.　　　In answering paragraph 1 of Plaintiffs' Complaint, Defendant admits the United States Constitution guarantees all citizens the individual rights of association, religion, speech

and privacy, but denies that any of those rights – or any other rights guaranteed by the United States Constitution – grants Plaintiffs the right to polygamous or plural marriages.

2.      Defendant admits the allegations contained in paragraphs 2 – 4 of Plaintiffs' Complaint.

3.      Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

4.      In answering paragraph 6 of Plaintiffs' Complaint, Defendant is without knowledge as to whether or not the Brown family holds multiple marriage licenses, but admits that its plural relationships are not legitimate nor sanctioned by the state.

5.      Defendant is without knowledge as to the allegations contained in paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

6.      Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

7.      Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

8.      In answering paragraph 10 of Plaintiffs' Complaint, Defendant alleges that Utah criminal bigamy statute speaks for itself.

9.      Defendant denies the allegations contained in paragraphs 11 – 13 of Plaintiffs' Complaint.

10.     Defendant admits the allegations contained in paragraph 14 of Plaintiffs'
Complaint.

11.     In answering paragraph 15 of Plaintiffs' Complaint, Defendant acknowledges
venue is proper in this Court as to this Defendant.  All other Defendants have been dismissed.

12.     Defendant admits the allegations contained in paragraph 16 of Plaintiffs'
Complaint.

13.     In answering paragraph 17 of Plaintiffs' Complaint, Defendant admits the Browns
are seeking preliminary and permanent injunction, but denies all other allegations.

14.     Defendant admits the allegations contained in paragraph 18 of Plaintiffs'
Complaint.

15.     In answering paragraphs 19 – 21, Defendant is without knowledge sufficient to
form a belief as to the allegations contained in those paragraphs, and therefore denies the same.

16.     Defendant admits the allegations contained in paragraph 22 of Plaintiffs'
Complaint.

17.     Defendant denies the allegations contained in paragraph 23 of Plaintiffs'
Complaint.

18.     In answering paragraph 24, Defendant states that the Utah Code § 76-7-101
speaks for itself.

19.     In answering paragraphs 25 – 27, Defendant is without knowledge sufficient to
form a belief as to the allegations contained in those paragraphs, and therefore denies the same.

20.     Defendant denies the allegations contained in paragraph 28 of Plaintiffs'
Complaint.

21.     In answering paragraph 29 of Plaintiffs' Complaint, Defendant admits the Browns
are bringing this action and that they seek to recover their attorneys' fees.  Defendant denies that
the United States Constitution affords them the relief they seek.

22.     In answering paragraph 30 of Plaintiffs' Complaint, Defendant admits the
representation as to the *Reynolds* case, but is without knowledge as to what the Browns believe
and denies that later decisions, including *Lawrence*, are applicable to the Browns' plural
marriage situation.  Defendant denies the remaining allegations of paragraph 30.

23.     In answering paragraph 31 of Plaintiffs' Complaint, Defendant admits the quote
from the *Lawrence* case is accurate, but asserts that the holding in that case does not control the
present case.

24.     In answering paragraph 32 of Plaintiffs' Complaint, Defendant is without
knowledge as to the marriage status of Plaintiff Kody Brown and the remaining Plaintiffs, other
than what Plaintiffs have represented in their television show.  Defendant denies that Plaintiffs
"fled Utah for fear that Utah law enforcement officials would prosecute them under the state's
criminal bigamy statute for maintaining a plural family" on the basis that Plaintiffs specifically
denied that on a nationally broadcast television appearance.  Defendant admits that Kody Brown
has held himself out to be living with his spiritual wives as a plural family.

25.     In answering paragraphs 33 – 36 of Plaintiffs' Complaint, Defendant is without knowledge as to whether Plaintiffs Meri Brown, Janelle Brown, Christine Brown, or Robyn Sullivan were civilly or spiritually married to Kody Brown.  Defendant denies that any of the Plaintiffs "fled Utah for fear" of prosecution based on the fact that they have publically denied that fear of prosecution was a reason for their having left the State.

26.     Since Gary Herbert and Mark Shurtleff have been dismissed from this case, paragraphs 37 and 38 of Plaintiffs' Complaint are not applicable.

27.     Defendant admits the allegations contained in paragraph 39 of Plaintiffs' Complaint.

28.     In answering paragraph 40 of Plaintiffs' Complaint, Defendant admits the allegations as it pertains to the Utah County Attorney's Office only.

29.     Defendant admits the allegations contained in paragraphs 41 – 49 of Plaintiffs' Complaint.

30.     In answering paragraph 50 of Plaintiffs' Complaint, Defendant is without knowledge as to any court case that has determined that polyamorist relationships qualify as cohabitation, and therefore denies the same.

31.     Defendant admits the allegations contained in paragraph 51 of Plaintiffs' Complaint.

32.     In answering paragraphs 52 and 53 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein but assumes them to be true.

33.     Defendant admits the allegations contained in paragraph 54 of Plaintiffs' Complaint.

34.     In answering paragraphs 55 – 59 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

35.     In answering paragraph 60 of Plaintiffs' Complaint, Defendant asserts that the Canadian Supreme Court in British Columbia has issued its opinion concerning the challenge to its criminalization of polygamy as a possible violation of human rights and has determined that the criminalization of polygamy is not a violation of human rights under the laws of Canada.

36.     Defendant admits the allegations contained in paragraphs 61 – 67 of Plaintiffs' Complaint, except that paragraph 65 the Complaint alleges that "many" States prohibit bigamy and then lists the statutes for eight States.  In fact, all 50 States and the District of Columbia have criminal statutes prohibiting bigamy.

37.     Defendant is without knowledge as to the allegations contained in paragraph 68 of Plaintiffs' Complaint but assumes them to be true.

38.     Defendant admits the allegations contained in paragraphs 69 and 70 of Plaintiffs' Complaint.

39.     In answering paragraphs 71 – 80 of Plaintiffs' Complaint, Defendant is without knowledge as to the beliefs of "many" or "some" Christians/Protestants, but has no reason to believe that a certain number of people hold the beliefs as alleged in these paragraphs.

40.     Defendant admits the allegations contained in paragraphs 81 – 83 of Plaintiffs' Complaint.

41.     In answering paragraph 84 of Plaintiffs' Complaint, Defendant denies the supposed revelation(s) was publicly disclosed on July 12, 1843, but acknowledges that the History of the Church ("H.C.") claims there is evidence that the revelation making known this marriage law was given to Joseph Smith "as early as 1831."  H.C. 5: xxix.

42.     Defendant admits the allegations contained in paragraphs 85 – 96 of Plaintiffs' Complaint.

43.     In answering paragraphs 97 and 98 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, but assumes them to be true.

44.     Defendant admits the allegations contained in paragraphs 99 and 100 of Plaintiffs' Complaint.

45.     In answering paragraph 101 and 102 of Plaintiffs' Complaint, Defendant states that the statements referenced in the International Covenant on economic, social and cultural rights, and the International Covenant on civil and political rights speaks for itself, however, the legal effect of these positions does not preempt either Utah's plenary right to regulate marriages, or the United States Constitution.

46.     In answering paragraphs 103 – 110 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

47.     In answering paragraph 111 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, but assume them to be true.

48.     In answering paragraphs 112 – 121 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

49.     Defendant admits the allegations contained in paragraphs 122 and 123 of Plaintiffs' Complaint.

50.     In answering paragraphs 124 – 135 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

51.     Defendant admits the allegations contained in paragraph 136 of Plaintiffs' Complaint.

52.     In answering paragraphs 137 – 144, Defendant is aware that Plaintiff Kody Brown spoke with Utah Attorney General Mark Shurtleff, but Defendant is without knowledge as to what either party said and therefore denies the representation of Attorney General Shurtleff's comments contained in these paragraphs.

53.     In answering paragraphs 145 – 149, Defendant is without knowledge as to conversations between Plaintiff Kody Brown and Paul Murphy or Scott Troxel of the Utah Attorney General's Office.  Defendant assumes that comments made to the press are correct, but is without knowledge as to that fact.  Defendant denies all other allegations contained in those paragraphs.

54.     In answering paragraphs 150 and 151 of Plaintiffs' Complaint, Defendant is without knowledge as to the activities of Christine Brown, but has no reason to believe that the allegations contained therein are not correct.

55.     Defendant admits allegations contained in paragraphs 152 – 155 of Plaintiffs' Complaint.

56.     In answering paragraph 156 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegation contained therein, but has no reason to believe the allegation is not correct.

57.     Defendant admits the allegations contained in paragraph 157 of Plaintiffs' Complaint.

58.     In answering paragraph 158 of Plaintiffs' Complaint, Defendant denies that prosecutors commenced an investigation, but admits that the Lehi City police department did.

59.     Defendant denies the allegations contained in paragraphs 159 – 162 of Plaintiffs' Complaint.

60.     Defendant admits the allegations contained in paragraphs 163 – 165 of Plaintiffs' Complaint.

61.     Defendant denies the allegations contained in paragraph 166 of Plaintiffs' Complaint.

62.     Defendant admits the allegations contained in paragraphs 167 and 168 of Plaintiffs' Complaint.

63.     Defendant denies the allegations contained in paragraph 169 of Plaintiffs' Complaint.

64.     Defendant admits the allegations contained in paragraphs 170 and 171 of Plaintiffs' Complaint.

65.     Defendant denies the allegations contained in paragraph 172 of Plaintiffs' Complaint.

66.     Defendant admits the allegations contained in paragraph 173 of Plaintiffs' Complaint.

67.     Defendant denies the allegations contained in paragraphs 174 and 175 of Plaintiffs' Complaint.

68.     In answering paragraphs 176 and 177 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

69.     In answering paragraph 178 of Plaintiffs' Complaint, Defendant incorporates by reference its answer to paragraphs 1 – 177 as fully set forth herein.

70.     Defendant denies the allegations contained in paragraph 179 of Plaintiffs' Complaint.

71.     In answering paragraph 180 of Plaintiffs' Complaint, Defendant admits that a quote from the *Lawrence* case is correctly cited, but denies that the facts or the law applying thereto is applicable to Plaintiffs' alleged facts.

72.     Defendant denies the allegations contained in paragraphs 181 – 185 of Plaintiffs' Complaint.

73.     In answering paragraph 186 of Plaintiffs' Complaint, Defendant incorporates by reference paragraphs 1 – 185 as fully set forth herein.

74.     Defendant denies the allegations contained in paragraphs 187 – 194 of Plaintiffs' Complaint.

75.     In answering paragraph 195 of Plaintiffs Complaint, Defendant incorporates by reference paragraphs 1 – 194 as fully set forth herein.

76.     Defendant denies the allegations contained in paragraphs 196 – 201 of Plaintiffs' Complaint.

77.     In answering paragraph 202 of Plaintiffs' Complaint, Defendant incorporates by reference paragraphs 1 - 201 as fully set forth herein.

78.     Defendant denies the allegations contained in paragraph 203 of Plaintiffs' Complaint.

79.     In answering paragraphs 204 and 205 of Plaintiffs' Complaint, Defendant admits that county prosecutors did not begin their investigation of the Plaintiffs until after the first episode of the *Sister Wives* aired, but denies that the state prosecutors ever initiated an investigation.

80.     Defendant denies the allegations contained in paragraphs 206 – 210 of Plaintiffs' Complaint.

81.     In answering paragraph 211 of Plaintiffs' Complaint, Defendant incorporates by reference paragraphs 1 – 210 as fully set forth herein.

82.     Defendant denies the allegations contained in paragraphs 212 and 213 of Plaintiffs' Complaint.

83.     In answering paragraphs 214 – 217 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

84.     Defendant denies the allegations contained in paragraphs 218 – 221 of Plaintiffs' Complaint.

85.     In answering paragraph 222 of Plaintiffs' Complaint, Defendant incorporates by reference paragraphs 1 – 221 as fully set forth herein.

86.     Defendant denies the allegations contained in paragraph 223 of Plaintiffs' Complaint.

87.     In answering paragraph 224 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

88.     Defendant denies the allegations contained in paragraph 225 of Plaintiffs' Complaint.

89.     In answering paragraph 226 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

90.     Defendant admits the allegations contained in paragraph 227 of Plaintiffs' Complaint.

91.     In answering paragraph 228 of Plaintiffs' Complaint, Defendant is without knowledge as to the allegations contained therein, and therefore denies the same.

92.     Defendant denies the allegations contained in paragraph 229 of Plaintiffs' Complaint.

93.     In answering paragraph 230 of Plaintiffs' Complaint, Defendant incorporates by reference paragraphs 1 – 221 as fully set forth herein.

94.     Defendant denies the allegations contained in paragraph 231 of Plaintiffs' Complaint.

## FIRST DEFENSE

Plaintiffs have failed and will fail to establish standing to bring this action and the Court lacks jurisdiction of this matter.

## SECOND DEFENSE

Plaintiffs have failed and will fail to establish the justiciability of this action and the Court lacks jurisdiction of this matter.

## THIRD DEFENSE

Plaintiffs' claims are and will be moot and the Court should dismiss this action.

## FOURTH DEFENSE

In *Reynolds v. United States*, 98 US 145 (1879), the United States Supreme Court held that federal laws criminalizing polygamous marriages were constitutional.  Not only has this case not been overturned, its reasoning has been re-affirmed in recent United States Supreme Court cases.

**FIFTH DEFENSE**

The Tenth Circuit has upheld the criminalization of Utah's bigamy statute in *Potter v. Murray City*, 760 F.2d 1065 (10th Cir. 1985). As recently as September, 2011, the Tenth Circuit held that the Oklahoma statute prohibiting polygamy does not violate Plaintiffs' First Amendment right to freedom of religion. *Adgeh v. State of Oklahoma*, 2011 WL 3930289 (10th Cir. 2011). Plaintiffs' claim there did not raise a substantial federal question.

**SIXTH DEFENSE**

The State has a compelling interest in the development and the protection of families and the social structure surrounding families.

**SEVENTH DEFENSE**

The State has a compelling interest in protecting and furthering the development and protection of children in the State of Utah, including those whose parents may be involved in polygamous relationships.

**EIGHTH DEFENSE**

The Utah Legislature has determined, based upon historical and current facts, that the practice of polygamy causes and exacerbates substantial harms to the individuals involved, to the families, and to the community, justifying its regulation and prohibition.

**NINTH DEFENSE**

The practice of polygamy endangers, and substantially enhances the dangers to individuals who are engaged in the practice, including the children of the participants, and to society and its structures and institutions.

**TENTH DEFENSE**

The practice of polygamy causes injury and damage to the communities in which it is practiced and increases the need for government to provide social services to the practitioners, the children of practitioners, and other members of the community.

**ELEVENTH DEFENSE**

The statutory provisions challenged by the Plaintiffs were adopted in furtherance of the compelling interests of the State and are rationally related to the accomplishment of the State's interests and goals.

**TWELFTH DEFENSE**

The courts have never held that marriage to multiple spouses is a fundamental right or that these marriages are entitled to protection as a substantial right.

**THIRTEENTH DEFENSE**

The Supreme Court has recognized race, national origin, religion and alienage as suspect classes subject to strict scrutiny.  The Court has never held polygamists to be a suspect class or that restrictions on the practice are subject to enhanced scrutiny.

**FOURTEENTH DEFENSE**

Treating individuals in polygamous relationships differently than individuals in a monogamous relationship is not treating persons in a similar situation differently, but rather treating people in different circumstances differently.

**FIFTEENTH DEFENSE**

Individuals in polygamous relationships are not involved or engaged in merely the private activity of consenting adults; rather, such relationships have an impact and effect beyond the action of the individuals, including, but not limited to, impacting and effecting the children of the parties, the social support surrounding the family, and the community institutions and structure.

**SIXTEENTH DEFENSE**

The prohibition on polygamous relationships does not impact the ability of individuals to make decisions with regard to procreation, contraception, or other individual personal decisions between a man and a woman.

**SEVENTEENTH DEFENSE**

The statutory definition of bigamy provides adequate guidance to citizens concerning its scope; the statute has been the law for many years and has been interpreted and limited by the State courts and it is not vague or overbroad.

**EIGHTEENTH DEFENSE**

The long standing Utah crime of bigamy does not, any more than any other Utah statute, allow for selective prosecution or is otherwise constitutionally infirm.

**NINETEENTH DEFENSE**

The prohibitions on polygamy do not treat persons differently situated the same, nor persons similarly situated differently, nor are they otherwise violative of the Equal Protection provisions of the United States Constitution.

**TWENTIETH DEFENSE**

Individuals engaged in the practice of polygamy, living as a unit, are in a different situation than individuals who may have children by former spouses or relations and who are not all married or cohabitating, and may lawfully be treated differently.

**TWENTY FIRST DEFENSE**

The differential treatment of individuals living in polygamy is not based upon religious distinctions, but rather upon the fact of living in polygamy.

**TWENTY SECOND DEFENSE**

The prohibition of polygamy and the bigamy laws have a rational basis and are rationally related to the compelling interests of the State in families, children, child rearing, and social and community structures and development.

**TWENTY THIRD DEFENSE**

The prohibition on polygamy is not based upon punishing or burdening religious beliefs; the prohibition is based upon a practice, unrelated to any belief or associated with the action.

## TWENTY FOURTH DEFENSE

The Utah prohibition on polygamy and bigamy is neutral on its face, is in furtherance of the State's substantial interests, and any impact or effect on religious beliefs or practices is not unconstitutional.

## TWENTY FIFTH DEFENSE

Any investigation or concern with regard to investigation or prosecution is based upon the conduct of the Plaintiffs, not protected speech.

## TWENTY SIXTH DEFENSE

The challenged statutory provisions do not impact or limit Plaintiffs' free speech rights, as Plaintiffs remain free to speak, advocate, or seek political or social change with regard to the practice of polygamy and/or restrictions on the practice of polygamy.

## TWENTY SEVENTH DEFENSE

There are substantial numbers of individuals in the State of Utah who frequently and regularly engage in advocacy and other free speech activities concerning polygamy, demonstrating a lack of any chill or other restriction on free speech rights concerning the practice of polygamy.

## TWENTY EIGHTH DEFENSE

The challenged restriction does not infringe upon or limit the constitutional right of freedom of association, as Plaintiffs are otherwise free to associate with those they wish to associate with, in various social, political, and other relations.

### TWENTY NINTH DEFENSE

The right of freedom of association does not include the right to be married and/or cohabit with multiple spouses, and a prohibition thereof does not violate the right of association in the First Amendment of the United States Constitution.

### THIRTIETH DEFENSE

In the State of Utah individuals who practice polygamy actively associate together, work individually and in concert to effect change in the social, political, and regulatory process, and the challenged statutory provision does not deny or unconstitutionally interfere with Plaintiffs' speech and association rights under the First Amendment.

### THIRTY FIRST DEFENSE

The challenged prohibition does not impose any religious requirement on Plaintiffs or anyone else.

### THIRTY SECOND DEFENSE

The challenged prohibition does not establish a State religion in violation of the First Amendment of the United States Constitution.

### THIRTY THIRD DEFENSE

The challenged provision does not have the purpose or effect of endorsing or otherwise establishing a religion in violation of the First Amendment.

## THIRTY FOURTH DEFENSE

The adoption by the State of a regulation of conduct, which may reflect or correspond to moral beliefs, statements, or precepts, does not constitute the establishment of religion and does not violate the First Amendment of the United States Constitution.

## THIRTY FIFTH DEFENSE

The challenged restrictions are reasonable provisions adopted by the Utah Legislature in furtherance of the State's substantial and compelling interests, are not in derogation of the rights of the Plaintiffs, and are constitutional.

## CONCLUSION

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that the Complaint be dismissed, with prejudice, that the Plaintiffs recover nothing thereby, that the Court uphold the statutory provisions adopted by the Utah Legislature, that the Defendant recover his costs and attorney fees, and for such other and further relief as the Court shall deem just and equitable.

DATED this ___17th___ day of February, 2012.

MARK L. SHURTLEFF
Utah Attorney General


___/s/   Jerrold S. Jensen_____
JERROLD S. JENSEN
Assistant Attorney General
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing **ANSWER TO PLAINTIFFS'**

**COMPLAINT** was served by electronically filing the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification to:

Jonathan Turley
2000 H St., N.W.
Washington, D.C. 20052
jturley@law.gwu.edu

Adam Alba
2167 N. Main Street
Centerville, Utah 84014
adam.alba@gmail.com

    /s/Sherri L. Cornell
Legal Secretary