JERROLD S. JENSEN (#1678)
THOM D. ROBERTS (#2773)
Assistant Attorneys General
SEAN D. REYES (#7969)
Attorney General
Attorneys For Defendants
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah  84114-0857
Telephone:  (801) 366-0353
jerroldjensen@utah.gov
thomroberts@utah.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KODY BROWN, MERI BROWN, JANELLE BROWN, CHRISTINE BROWN, ROBYN SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY R. BUHMAN, in his official capacity as County Attorney for Utah County,<br><br>Defendants. | DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO THE COURT'S JANUARY 17, 2014 ORDER<br><br><br>Case: 2:11CV00652<br><br>Judge Clark Waddoups |

At the status conference held on January 17, 2014 the Court asked if there were issues left to be decided.  Plaintiffs indicated that they had claims under 42 U.S.C. § 1983 for damages, and the Court questioned Plaintiffs' counsel concerning whether such a claim would be barred by prosecutorial immunity or qualified immunity.  Plaintiffs' counsel indicated that he would provide notice to the Court and parties concerning damages and address those issues.  Plaintiffs

then filed their Response on January 27, 2014. Defendant here responds to the issues raised by the Court and the Response filed by Plaintiffs. (Dkt. No. 85.) The questions Defendant addresses are:

1. Whether Plaintiffs stated a claim in their Complaint for monetary damages under 42 U.S.C. § 1983, and whether Defendant waived his right to assert prosecutorial or qualified immunity by failing to raise prosecutorial or qualified immunity as an affirmative defense either in his Answer or other pleadings.

2. Whether Plaintiffs are entitled to equitable injunctive relief under 42 U.S.C § 1983.

Plaintiffs are not now seeking monetary damages (Dkt. No. 85 at 2, 15-16, 20), consequently, the Court's questions are, in part, moot.

I.  **DEFENDANT'S RESPONSE TO PLAINTIFFS' § 1983 CLAIMS.**

At numerous points in their Response, Plaintiffs make it clear that they are not seeking monetary damages (Dkt. No. 85, at 2, 15-16, 20), and to the extent they adequately stated a claim for damages, that claim is expressly waived. *Id.* at 16. Instead, Plaintiffs specifically ask the Court to "issue the final order with the previously requested injunctive and declaratory relief." *Id.* at 2. As Defendant discusses herein, prospective injunctive relief is neither necessary nor appropriate. But based upon the Court's December 13, 2013 Memorandum Decision (Dkt. No. 78), only declaratory relief under 42 U.S.C. § 1983 should issue. Accordingly, Defendant, through counsel, submits a proposed order, with explanation for its rationale set forth below.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 2

### A. Because Plaintiffs do not seek an award of money damages, the questions raised by the Court regarding damages are moot.

Defendant has consistently maintained that Plaintiffs did not plead and were not seeking monetary damages. Plaintiffs have now made it clear that they are not seeking damages. *Id.* at 2, 15-16, 20. Notwithstanding, Plaintiffs ask the Court to determine whether they adequately pled a claim for damages in the first instance, and whether Defendant waived his right to assert qualified or absolute prosecutorial immunity. *Id.* at 2, 7. They also ask the Court to "find a violation under §1983" and to "issue a judgment" against Defendant under 42 U.S.C. § 1983. *Id.* To the extent that Plaintiffs seek a ruling from this Court respecting whether damages were pled or defenses waived, those issues are moot and Plaintiffs seek little more than an "advisory opinion."

An issue is rendered moot and a Court lacks jurisdiction to decide it when during the course of litigation facts or circumstance change such that a justiciable controversy no longer exists. *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") Absent an actual controversy, this Court cannot proceed. It is not the role of federal courts to resolve abstract issues – for example, to answer whether a claim that is no longer being pressed was appropriately raised in the first instance – rather, the role of the court is to review only justiciable disputes arising out of specific facts when the resolution of the dispute

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 3

will have practical consequences to the conduct of the parties.  *See Columbian Financial Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011).

> **B.     Section 1983 is not a source of substantive rights and Plaintiffs do not have a cause of action based solely on a violation of that section**.

Section 1983 provides for civil liability upon one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.  Section 1983 is not a source of substantive rights, but provides a "method for vindicating federal rights elsewhere conferred." *Baker v. Conlan,* 443 U.S. 137, 144 n.3 (1979). To the extent that Plaintiffs ask this Court to find that Defendant engaged in a direct violation of 42 U.S.C. § 1983 as a source of substantive rights, no such right exists.  Likewise, merely citing to Section 1983 to invoke this Court's jurisdiction over other claims, or as its own claim for relief, is insufficient to put a defendant on notice that damages are being sought.

Section 1983 provides a jurisdictional basis for the federal court to remedy federal law violations in one of two ways: through "official capacity" claims that seek an equitable order granting a plaintiff declaratory or prospective injunctive relief, or through "individual capacity" claims that seek an award of monetary damages to remedy an actual federal law or constitutional violation by an individual government actor acting "under color of state law." *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  In this case, it is clear that the Plaintiff sought only the former relief, and not the latter.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 4

Plaintiffs' complaint is entitled "Complaint for Declaratory, Injunctive and other relief." (Dkt. No. 1 at 1.)   Defendant Buhman was named in his "official capacity as County Attorney for Utah County." *Id*.  Plaintiffs did not sue Utah County.  Plaintiffs did not sue Mr. Buhman is his individual capacity.

Also of note here, the word "damages" nowhere appears in Plaintiffs' Complaint. Plaintiffs made no claim for damages in their Section 1983 count for relief (Dkt. No. 1, ¶¶ 230, 231), nor did Plaintiffs make a specific request for damages – in any sum – in their prayer for relief.  *Id.* at 39.   Lacking proper notice that Plaintiffs sought an award of money damages against him, Defendant did not waive his right to plead affirmative immunity defenses to a damage claim.[1]

### C.     Plaintiffs failed to sufficiently state a claim for monetary damages.

Settled law in the Tenth Circuit as elsewhere provides that under 42 U.S.C. § 1983, a person acting under color of state law who deprives an individual of constitutional rights may be liable to the injured third party.  Equally settled, however, a government official sued only in his or her official capacity is not a "person" for purposes of an award of  Section 1983 money damages.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harris v.*

---

[1]  Defendant was only put on notice – if at all – that Plaintiffs believed they had suffered damages by Defendant's action in Plaintiffs' memorandum opposing Defendant Buhman's May 2012 motion to dismiss the claims against him as moot.  (Dkt. No. 59.)  But despite making that claim in opposition to Defendant's motion, by failing to seek this Court's leave to amend their complaint to add any "individual capacity" claims or to conform to Plaintiffs' latent contention, they cannot press that claim now.  *See* Fed. R. Civ. P. 15(b).

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 5

*Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).  An "official capacity" suit may be maintained under Section 1983, if at all, only for claims seeking prospective injunctive relief.  *Will*, 491 U.S. at 71.

Here Defendant Buhman has been sued, not in his "individual capacity," but in his "official capacity" as the elected Utah County Attorney.  Thus, Plaintiffs' relief against Defendant Buhman is necessarily constrained and limited to prospective relief alone.  Moreover, and because on the face of their Complaint Plaintiffs sought equitable declaratory and injunctive relief alone, Defendant Buhman had no need to raise qualified or prosecutorial immunity in his Answer.[2]  Those defenses apply only to claims for monetary relief pled against government actors in their individual capacities.  Neither defense, therefore, is germane to the only claims adequately made here – declaratory and injunctive relief.[3]  *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) ("Qualified immunity applies to claims for monetary relief

---

[2] Unlike a state government a plaintiff may assert a claim for money damages against a local or municipal government, but to do so the plaintiff must look to the government itself. *See Kentucky,* 473 U.S. at 166.  Here, Plaintiffs have not done so and have accordingly also failed to adequately plead a claim for money damages under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

[3] There are numerous paragraphs in the complaint specifically requesting equitable, declaratory or injunctive relief.  (Dkt No. 1, ¶ 14 ("equitable relief"), ¶¶ 16, 17 and Prayer for Relief ¶ 2 ("preliminary and permanent injunction"), and ¶ 29 ("declaratory and injunctive relief).  The complaint also seeks to recover all of Plaintiffs' attorney's fees, costs and expenses. . . .and "such other relief as [the Court] may deem just and proper."  (Dkt. No. 1, Prayer for Relief, ¶¶ 3, 4, at  39.)  There are only vague references to "any other relief" and no specific references to monetary damages.  *Id*.  There are no paragraphs in the complaint that expressly seek monetary damages, or name an amount of damages sought.  Moreover, even the ultimate Prayer for Relief is bereft of such a claim.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 6

against officials in their individual capacities, but it is not a defense against claims for injunctive relief against officials in their official capacities," citing *Hafer v. Melo*, 502 U.S. 21, 22, 23, (1991)). Because Plaintiffs sued Defendant Buhman only in his official capacity, whether Defendant raised the affirmative defenses of qualified or prosecutorial immunity is of no event and is also not relevant to the claims for injunctive and declaratory relief.[4]

### D.  Plaintiffs Are Not Entitled to Injunctive Relief.

Plaintiffs' Response asks this "Court to issue the final order with the previously requested injunctive and declaratory relief." (Dkt. No. 85 at 2.) But Plaintiffs have not demonstrated a basis for the issuance of a permanent injunction against Defendant. The granting of a permanent injunction, like a preliminary injunction, requires the moving party to establish four criteria. "A party requesting a *permanent injunction* bears the burden of showing: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Fisher v. Oklahoma Health Care Authority*, 335 F.1175, 1180 (10th Cir. 2003) (emphasis added) (citing *Amoco Prod. v. Gambell*, 480 U.S. 531, 546 n. 12 (1987)). Plaintiffs have not addressed that criteria, nor shown that they will suffer irreparable

---

[4] Relying on *Frazier v. Simmons,* 254 F.3d 1247 (10th Cir.2001) Plaintiffs contend the phrase "any other relief" was sufficient to put Defendant on notice they sought monetary damages. But Plaintiffs' resort to *Frazier* proves too much. There, the plaintiffs unquestionably sought damages and the court was tasked with considering, instead, whether a claim for "such other equitable relief as is just and proper" was sufficient to put defendant on notice of plaintiff's "equitable" claim. Here a complaint bereft of any claim for "damages" is deficient by any standard.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 7

harm if an injunction is not issued. Irreparable harm is a necessary requisite for the granting of a permanent injunction. *See Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 61 (1975).

In the sworn declaration Defendant Buhman submitted on May 31, 2012, Defendant declared that the investigation against the Browns was closed and that criminal bigamy charges would not be filed.[5] (Dkt. No. 47-1.) Defendant also declared that –like the State of Utah before it – Utah County had adopted a policy to not enforce the criminal bigamy statute in the absence of probable cause to also charge other, collateral crimes. That, by itself, should end the matter.

While the concept of irreparable harm "does not readily lend itself to definition," case law has provided some guidance. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (citing *Wisconsin Gas v. Federal Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C.Cir.1985). One of the guides relied upon by the 10th Circuit is that the moving party must show an injury that is both "certain and great" and not "merely serious or substantial." *Id.* Not only have Plaintiffs here not shown a potential injury that is "merely serious or

---

[5] Paragraphs 11 and 12 of Mr. Buhman's Second Declaration (Dkt. No. 47-1) state:
11. The Utah County Attorney's Office has concluded its investigation of the Browns and has determined that no other prosecutable crimes related to the bigamy allegation have been or are being committed by the Browns in Utah County as of the date of this declaration. I have therefore determined that bigamy charges will not be filed by the Utah County Attorney's Office against Kody Brown, Meri Brown, Janelle Brown, Christine Brown, or Robyn Sullivan.
12. Accordingly, for the Utah County Attorney's Office, the criminal case against the Browns is closed and no charges will be filed against them for bigamy unless new evidence is discovered which would comport with the Office's new policy pertaining to the prosecution of bigamy crimes.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 8

substantial," they have not even attempted to show that a possibility of any future harm by Defendant exists at all.

Even if Plaintiffs had been arrested – which they were not – "absent a sufficient likelihood that [they] will be wronged again in a similar way," they are not entitled to injunctive relief merely on that basis. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 111 (1983).[6] Clearly, Plaintiffs have failed to establish the basic requisites for the issuance of a permanent injunction.

## II.  RATIONALE FOR PROPOSED FINAL ORDER FOR DECLARATORY RELIEF.

Because money damages are not at issue, and because there is no threatened harm by Mr. Buhman that would justify prospective injunctive relief, the only remaining issue is declaratory relief. Based on the Court's Memorandum Decision of December 13, 2013 (Dkt. No. 78) this case is ready for a final order on the issue of declaratory relief.

At the January 17, 2014 hearing, Defendant's counsel requested permission to prepare an initial draft of the final order, subject to Plaintiffs' counsel's approval, and – of course – subject to the Court's final approval. The Court allowed that request. A copy of that proposed draft is

---

[6] Relying on *Winsness v. Yocum*, 433 F.3d 727 (10th Cir.2006) and *Faustin v. City and County of Denver*, 268 F.3d 942 (10th Cir.2001), Plaintiffs contend that despite the fact the investigation against them has ceased and Defendant Buhman has declared that Plaintiffs will not be charged or prosecuted under the offending statute, they are nonetheless entitled to "retrospective" relief. Plaintiffs err. In *Faustin* the court merely recognized that the plaintiffs there had standing to seek nominal damages and a declaration that the ordinance at issue ran afoul of the constitution. The court observed, however, that, as here, because the plaintiff was never prosecuted under the ordinance, she lacked standing to seek injunctive relief. *Faustin,* 268 F.3d at 948 ("To have standing, [plaintiff] must show a real and immediate threat that she will be prosecuted under the statute in the future.") To the extent Plaintiffs believe *Winsness* stands for a different proposition, they misread that case.

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 9

attached.  Plaintiffs' counsel has orally informed Defendant's counsel that he intends to object to Defendant's proposed order.  Therefore, Defendant provides rationale for his proposed order here.

In *Virginia v. American Booksellers Association, Inc.*, 484 U.S. 383 (1988), the Supreme Court certified two questions to the Virginia Supreme Court for clarification of a Virginia state statute.  In so doing, the Court noted "we will not rewrite a state law to conform it to constitutional requirements."  *Id.* at 397.  The Utah Supreme Court has stated that when reviewing the construction of statutes, "[t]he general rule is 'that statutes, where possible, are to be construed so as to sustain their constitutionality.  Accordingly, if a portion of the statute might be saved by severing the part that is unconstitutional, such should be done.'" *Gallivan v. Walker*, 54 P.3d 1069, 1098, 2002 UT 89, ¶ 87 (citing *State v. Lopes,* 199UT 24, ¶ 18, 980 P.2d 191 (quoting *Celebrity Club, Inc. V. Utah Liquor Control Comm'n,* 657 P.2d 1293, 1299 (Utah 1982)).  Likewise, the U.S. Supreme Court in *Leavitt v. Jane L.*, 518 U.S. 137 (1996) (per curium), involving a provision of a Utah's abortion statute that had been declared unconstitutional by a federal district court, also addressed this same issue in terms of "severing" a particular provision of the statute rather than "striking" it.

For the Court to "strike" the phrase "or cohabits with another person" from Utah's bigamy statute, Utah Code § 76-7-101(1) (2013), gives the impression that the Court is rewriting the statute.  The preferred term is to "sever" the offending portion of the statute.  Admittedly, the

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 10

consequence is the same.  Defendant acknowledges the Court's decision that the cohabitation prong of the statute is unconstitutional.   Defendant merely suggests to the Court that the preferred way of declaring a portion of a statute unconstitutional is to "sever" it, rather than "strike" it, thereby preserving the authority of State lawmakers to write or modify its own laws.

## CONCLUSION

This case is ready for a final order.  Plaintiffs are not seeking damages.  Injunctive relief is not necessary or appropriate.  Because of the Court's Memorandum Decision it is appropriate for the Court to enter declaratory relief in the form of a final judgment in this matter.  The Defendant has submitted a proposed draft of that order, which Plaintiffs' counsel has said he would not approve if submitted to him.  The Court should accept and issue the proposed order as the final order in this case.

DATED this   13th   day of February, 2014.

                                        SEAN D. REYES
                                        Utah Attorney General

                                           /s/   Jerrold S. Jensen
                                        JERROLD S. JENSEN
                                        Assistant Attorney General
                                        *Attorneys for Defendants*

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 11

CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO THE COURT'S JANUARY 17, 2014 ORDER** was served by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to:

Jonathan Turley
2000 H St., N.W.
Washington, D.C. 20052
jturley@law.gwu.edu

Adam Alba
2167 N. Main Street
Centerville, Utah 84014
adam.alba@gmail.com

    /s/   Sherri Cornell
    Legal Secretary

Defendant's Response to Plaintiffs' Response to the Court's January 17, 2014 Order
Kody Brown, v. Gary R. Herbert, et al.
Case No. 2:11CV00652
Page 12