IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KODY BROWN, MERI BROWN, JANELLE BROWN, CHRISTINE BROWN, ROBYN SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, MARK SHURTLEFF, JEFFREY R. BUHMAN,<br><br>Defendants. | **MEMORANDUM DECISION AND JUDGMENT**<br><br>Case No. 2:11-CV-0652-CW<br><br>Judge Clark Waddoups |

**MEMORANDUM DECISION**

The court granted in part Plaintiffs' Motion for Summary Judgment (Dkt. No. 49), denying Defendant's Cross-Motion for Summary Judgment (Dkt. No. 55), in its Memorandum Decision and Order dated December 13, 2013 (Dkt. No. 78). That Order, however, left unresolved the matter of Plaintiffs' claim under 42 U.S.C. § 1983, and in a status conference held on January 17, 2014, the court requested supplemental briefing on the issue.

Defendant contends that his failure to include an affirmative defense or any answer to Plaintiffs' Section 1983 claim in his Answer (Dkt. No. 33) or in any of his briefs in the summary judgment process does not constitute a waiver of prosecutorial immunity or qualified immunity as defenses because Plaintiffs did not properly seek an award of money damages against him. (Def.'s Resp. to Pls.' Resp. 5 [Dkt. No. 89].) This line of argument, though creative, is not persuasive. Plaintiffs unambiguously asserted a number of specific injuries in their Complaint

that entitle them to monetary damages. (*See, e.g.*, Compl. ¶¶ 172-77 [Dkt. No. 1].) Moreover, in connection with the recitation of these injuries, Plaintiffs explicitly seek to "recover all of their attorneys' fees, costs, and expenses incurred in this action pursuant to 42 U.S.C. § 1988, *and any other relief that this Court may order*." (*Id.* at ¶ 29 (emphasis added).) In fact, in their Prayer for Relief at the conclusion of their Complaint, they include their claim under Section 1983 with the rest of their Constitutional claims and follow their request pursuant to Section 1988 with a specific request that the court "award such other relief as it may deem just and proper." (*Id.* at 39, ¶ 4.) As the Tenth Circuit noted in *Frazier v. Simmons*, the plaintiff's request for monetary damages and "such other relief as the court deems just and equitable" was sufficient to put the defendant in that case on notice that he also sought injunctive relief, which protected his claim from an Eleventh Amendment immunity defense. 254 F.3d 1247, 1254-55 (10th Cir. 2001) (concluding that through this language and the "nature of the harms" he alleged, "Mr. Frazier sufficiently indicated in his complaint, and the district court repeated in its pretrial order, that he sought prospective equitable relief against Mr. Simmons," though also noting that such a "boilerplate recitation . . . included in one's prayer for relief is far from an exemplary request for" the desired relief). The same logic requires the court to find that Defendant was adequately on notice that Plaintiffs were seeking money damages in addition to the injunctive and constitutional relief sought.

      Defendant, therefore, has waived his various immunity defenses by not raising them in his Answer, as was his duty under Rule 8(c)(1) of the Federal Rules of Civil Procedure, or opposing or mentioning Plaintiffs' assertion of their Section 1983 claim in their Complaint, their Motion for Summary Judgment, and their Opposition to Defendant's Cross-Motion. The court must view this as a conscious decision on the part of Defendant, a decision that has

consequences under the orderly administration of justice in the federal courts. "Failure to plead an affirmative defense results in a waiver of that defense." *Bentley v. Cleveland Cnty. Bd of Cnty. Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994). This is so well settled a principle under the Federal Rules of Civil Procedure that "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," specifically to avoid waiver. *H.S. Field Servs. v. CEP Mid-Continent, LLC*, No. 12-cv-531-JED-PJC, 2013 U.S. Dist. LEXIS 137341, at *3-*4 (N.D. Okla. Sept. 25, 2013).

The court must therefore agree with Plaintiffs that Defendant's approach of neither raising the defenses of qualified immunity or prosecutorial immunity as affirmative defenses, or even mentioning them in the briefing responding to Plaintiffs' Section 1983 claim constitutes a waiver of these defenses. If not, "there would be little reason for parties to completely answer a complaint or offer a full defense to summary judgment. Defendant has not claimed the right to retroactively claim such defenses, but such a claim would allow parties to adopt a nondefense position as to a claim and later ask for an exemption from the rules when an obvious waiver is raised. There is no provision in the federal rules for such a judicial equivalent of a Mulligan for the hapless or absent litigant." (Pl.'s Resp. to Court Order 14 [Dkt. No. 85].)

The court therefore finds in favor of Plaintiffs on their seventh and final count in the Complaint under 42 U.S.C. § 1983 and GRANTS summary judgment in their favor on this last remaining count. Plaintiffs, however, have chosen to drop their claim for monetary damages aside from attorney's fees: "[Plaintiffs] believe strongly that the focus of the case should be on the Court's historic ruling and not their insular losses associated with the criminal investigation and public comments of the Defendant. To that end, they will not ask for repayment of their moving costs, loss of contracts, or other expenses detailed in the prior filings," although

"reserve[ing] their right to seek attorneys' fees in this case." (*Id.* at 2 & n.1.) In severing the cohabitation prong[1] of Utah's Anti-Bigamy Statute, Utah Code Ann. § 76-7-101(1) in its Memorandum Decision and Order Granting in Part Plaintiffs' Motion for Summary Judgment dated December 13, 2013 (Dkt. No. 78), the court has therefore provided the relief sought while leaving the Statute in force as narrowly construed in the absence of the cohabitation prong. That Order is fully incorporated herein for purposes of the below final Judgment in this case.

## JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Utah Code Ann. § 76-7-101 (2013) is facially unconstitutional in that the phrase "or cohabits with another person" is a violation of the Free Exercise Clause of the First Amendment to the United States Constitution and is without a rational basis under the Due Process Clause of the Fourteenth Amendment; to preserve the integrity of the Statute, as enacted by the Utah State Legislature, the Court hereby severs the phrase "or cohabits with another person" from Utah Code § 76-7-101(1); it is further

ORDERED, ADJUDGED, AND DECREED that the statute is readily susceptible to and the Court hereby adopts a narrowing construction of the terms "marry" and "purports to marry"

---

[1] The court found that the phrase "or cohabits with another person" in the Statute violates the Free Exercise Clause of the First Amendment to the United States Constitution, *Brown v. Buhman*, 947 F.Supp.2d 1170, 1203-21 (D. Utah 2013), and is also without a rational basis under the Due Process Clause of the Fourteenth Amendment, *id.* at 1222-25. The court, however, acknowledged that "it is not the role of federal courts in the constitutional framework of checks and balances to 'rewrite a state law to conform it to constitutional requirements.'" *Id.* at 1226 (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 397 (1988)). Thus, the court adopted a "narrowing construction," *id.* at 1231-32, of the accompanying phrase "purports to marry another person" as required by the canon of constitutional avoidance, "under which '[t]he elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.'" *Id.* at 1226 (quoting *Gonzales v. Carhart*, 550 U.S. 124, 153 (2007)). This obliged the court "to save the Statute from being invalidated in its entirety," if the Statute were "readily susceptible" to such a narrowing construction. *Id.* at 1233. As a result, "under this narrowing construction, the Statute remains in force, submitting anyone residing in Utah, knowing he has a wife or she has a husband or knowing the other person has a husband or wife, to prosecution for the crime of bigamy for entering into any further purportedly legal union." *Id.* at 1233-34.

4

to save the Statute from being invalidated in its entirety, and that portion of the Statute is upheld as constitutional; it is further

ORDERED, ADJUDGED, AND DECREED that the Plaintiffs, as prevailing parties in an action for enforcement of civil rights under 42 U.S.C. § 1983, are entitled to an award of attorney's fees, costs, and expenses incurred in this action under 42 U.S.C. § 1988 upon further and proper application.

SO ORDERED this 27th day of August, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge